## (June 23, 1971)

■ In the Matter of KENNETH HANSEN, Petitioner, v. THEODORE A. KELLY, as County Judge, Rockland County, Respondent.— In a proceeding pursuant to article 78 of the CPLR to compel the arraignment of the petitioner, the defendant under an indictment, to be held privately, the respondent County Judge moves to dismiss the petition for insufficiency. Matter remanded to the respondent for a hearing as directed herein and motion held in abeyance pending such hearing. We treat the application of the petitioner for an arraignment in private as though he had applied for a closed trial, because undoubtedly he will seek such relief in the course of the criminal proceedings. We are unable on this record to determine whether the public interests will be detrimentally affected by granting the application. Hence, the matter is remanded to the respondent so that the District Attorney may present such facts and circumstances as he may be advised to demonstrate that further proceedings in the criminal action should be held in public and that private proceedings would adversely intrude on the public interest. The petitioner may, in the first instance, waive his right to a public trial (*Matter of United Press Assns.* v. *Valente,* 308 N. Y. 71, 81–82; *People* v. *Jelke,* 308 N. Y. 56, 67), but it is not a right without control by the court. "What is even more to the point, the public interest is adequately protected — the fear that an accused may succeed in having the courtroom closed to the prejudice or disadvantage of that public interest, reduced to a minimum — by virtue of the trial judge's power to refuse defendant's application, if the judge concludes that the case is not an appropriate one for exclusion of the public" (*Matter of United Press Assns.* v. *Valente, supra,* p. 84). To a great extent, the discretion to be exercised by the Trial Judge is governed by the same considerations which apply to the approval of a waiver of a jury trial in a criminal action — whether "the waiver is tendered in good faith and is not a stratagem to procure an otherwise impermissible procedural advantage * * * and, second, that the defendant is fully aware of the consequences of the choice he is making" (*People* v. *Duchin,* 12 N Y 2d 351, 353). This proceeding in the nature of mandamus does not lie unless the petitioner has a clear legal right to the relief he seeks. But we cannot say on this record whether countervening public interests would be put in jeopardy — as established to the satisfaction of the court — so that the petitioner's claim to proceedings in private should not be granted. We shall therefore hold the determination of the respondent's motion to dismiss until the conclusion of the hearing ordered herewith. Hopkins, Acting P. J., Munder, Latham, Shapiro and Brennan, JJ., concur.